1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE

10   REX B CRUSE,                           CASE NO. C14-1118 MJP

11                 Petitioner,              ORDER ON REPORT AND
                                            RECOMMENDATION
12         v.

13   SCOTT RUSSELL,

14                 Respondent.

15

16         THIS MATTER comes before the Court on Petitioner Rex B. Cruse's Objections (Dkt.

17   No. 21) to the Report and Recommendation of the Honorable Mary Alice Theiler, United States

18   Magistrate Judge.  (Dkt. No. 14.)  Having reviewed Petitioner's Objections, the Report and

19   Recommendation, and all related papers, the Court hereby ADOPTS in part and DECLINES TO

20   ADOPT in part the Report and Recommendation.  The Court DISMISSES Petitioner's habeas

21   petition and this action with prejudice as time-barred, and GRANTS Petitioner a certificate of

22   appealability on the question of whether he is entitled to equitable tolling.

23

24

**Background**

Petitioner raises five objections to Judge Theiler's Report and Recommendation: (1) Petitioner's claims should not be found to be time-barred because the statute of limitations should be equitably tolled; (2) the pro se prisoner summary judgment fair notice rule should be extended to require the government to give notice to prisoners regarding the timeline to file a habeas action; (3) Petitioner is unsure what the term "traverse" means and does not know how to file one; (4) Petitioner has made a substantial showing of the denial of his constitutional rights; and (5) Petitioner should be granted a certificate of appealability.

**Discussion**

I.      Legal Standard

Under Fed. R. Civ. P. 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

II.      Petitioner's Objections to the Report and Recommendation

A.      Claims time-barred

Petitioner first objects to Judge Theiler's ultimate conclusion that Petitioner's claims are time-barred.  (Dkt. No. 21 at 1-8.)  Judge Theiler found that Petitioner's claims were time-barred because the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), expired on July 9, 2013, and Petitioner did not file his habeas petition until July 18, 2014, over one year later.  (Dkt. No. 14 at 2-3.)  Judge Theiler found that Petitioner made no showing that he is entitled to equitable tolling of the statute of limitations.  (Id. at 3.)

1    Petitioner argues that the statute of limitations should be equitably tolled because of

2  extraordinary circumstances beyond his control, including being misinformed by his direct

3  appeal attorney and Washington Corrections Center law clerks about the procedures to follow in

4  challenging his conviction, being unable to meaningfully access law library resources in his

5  prison, and being generally unaware of when a federal habeas action's statute of limitations

6  begins to run.  (Dkt. No. 21 at 1-6.)

7    Equitable tolling is available "only when extraordinary circumstances beyond a

8  prisoner's control make it impossible to file a petition on time and the extraordinary

9  circumstances were the cause of his untimeliness." <u>Laws v. Lamarque</u>, 351 F.3d 919, 922 (9th

10 Cir. 2003) (internal quotation marks and citation omitted).  To be entitled to equitable tolling, a

11 petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some

12 extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>,

13 560 U.S. 631, 649 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)) (emphasis

14 deleted).  In other words, equitable tolling may be appropriate when external forces, rather than a

15 petitioner's lack of diligence, prevent timely filing. <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th

16 Cir. 1999).

17    Here, Petitioner argues that he has been pursuing his rights diligently, and identifies the

18 following as extraordinary circumstances that made it impossible for him to file the petition on

19 time: (1) Petitioner was told by his direct appeal attorney and Washington Corrections Center

20 law library clerks that he was required to exhaust all possible state remedies before filing a

21 federal habeas action, and Petitioner did not know how soon the federal statute of limitations

22 would begin to run; (2) Petitioner did not think to consider the Antiterrorism and Effective Death

23 Penalty Act of 1996 as a source of applicable law because he was not convicted of a terrorism-

24

1  related crime and was not sentenced to death; and (3) security procedures at Petitioner's prison

2  make it difficult to meaningfully access the law library, constituting an illegal or unconstitutional

3  impediment that prevented him from filing his petition sooner.  (Dkt. No. 21 at 2-6.)

4          The Ninth Circuit has, as a general matter, rejected a prisoner's reliance on erroneous

5  third-party advice as a basis for equitable tolling.  See Miranda v. Castro, 292 F.3d 1063, 1067–

6  68 (9th Cir. 2002).  Similarly, while the Court is sympathetic to the challenges faced by a pro se

7  prisoner in navigating the post-conviction legal landscape, lack of knowledge about the

8  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") or AEDPA's applicability to

9  federal habeas actions does not constitute an extraordinary external force that made it impossible

10  for Petitioner to file a timely petition.  Lack of access to legal materials on AEDPA in a prison

11  library, however, can justify equitable tolling in certain circumstances.  See Whalem/Hunt v.

12  Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc).  Here, Petitioner alleges he has access to

13  the library only three nights a week, for one to two and a half hours at a time.  (Dkt. No. 21 at 4.)

14  Petitioner alleges that it can take up to two weeks to schedule a library visit, and that scheduled

15  library visits are frequently canceled due to security recalls.  (Id. at 4-5.)  Petitioner alleges that

16  the law library was closed completely for three months in "late" 2014.  (Id. at 4.)  Petitioner also

17  alleges that the library staff supervisor works only two to three times a week and is not available

18  during the times when prisoners have access to the library, and that the inmate clerks working in

19  the library are not able to provide meaningful assistance with the computers, which are the only

20  sources of information since the prison removed all of the physical books from its law library.

21  (Id. at 5.)  Petitioner also alleges that he cannot print any research from the computers, and that

22  the scheduled library time is insufficient to allow prisoners to copy all of the relevant case law by

23

24

1  hand.  (Id.)  Finally, Petitioner alleges that the law library does not have any posting that would

2  alert a prisoner to sensitive filing deadlines.  (Id. at 6.)

3         In Whalem/Hunt, the petitioner argued that his prison's law library did not have any legal

4  materials describing AEDPA at all, and that this constituted an "impediment" under 28 U.S.C. §

5  2244(d)(1)(B) or provided grounds for equitable tolling of the statute of limitations.

6  Whalem/Hunt, 233 F.3d at 1147-48.  The Ninth Circuit reversed the district court's dismissal of

7  the petition as time-barred and remanded for further development of the record and for a

8  determination of whether the law library's failure to stock the AEDPA materials had in fact

9  made it impossible for the petitioner to timely file his petition.  Id. at 1148.

10        In Alexander v. Schriro, 312 F. App'x 972 (9th Cir. 2009), the Ninth Circuit again

11  considered whether AEDPA's statute of limitations should be equitably tolled.  The petitioner in

12  Alexander argued that he was entitled to equitable tolling because while his library did contain

13  AEDPA materials, he was unable to correctly calculate the limitations period because he had no

14  access to case law or other materials defining the term "final judgment," and also because of

15  incorrect advice from the prison paralegal and because of lack of access to the prison resource

16  center to make copies due to closure and staff absence.  Alexander, 312 F. App'x at 974-75.  The

17  Ninth Circuit held that these did not constitute extraordinary circumstances and did not warrant

18  equitable tolling.  Id.

19        Here, Petitioner alleges substantially similar impediments to the petitioner in Alexander:

20  incorrect legal advice, library closure and lack of access to resources, and inability to correctly

21  calculate the limitations period due to confusion about what law applies.  The Court is

22  sympathetic to challenges faced by the Petitioner here.  Like the Ninth Circuit in Alexander,

23  however, this Court is unable to conclude that these challenges are "extraordinary

24

1   circumstances" making it impossible for Petitioner to have filed a timely petition and therefore

2   warranting equitable tolling.

3          Even if the Court could conclude that some equitable tolling is warranted by law library

4   closures beyond Petitioner's control, Petitioner alleges closure for "most of three months late last

5   year." (Dkt. No. 21 at 4.)  Petitioner filed his petition on July 22, 2014, and thus closures in late

6   2014 cannot have caused the delay here.  Even assuming that there were similar closures earlier

7   in the year, or in previous years, or that some scheduling barriers constitute impediments

8   warranting some equitable tolling, Petitioner filed his petition more than one year after the

9   limitations period expired, and an extension of the limitations period for a few months would not

10  render Petitioner's filing timely.  The Court agrees with Judge Theiler that this action is time-

11  barred.  Because Petitioner's allegations would not, if true, justify equitable tolling, he is also not

12  entitled to an evidentiary hearing on the matter.

13                  B.      Fair notice rule

14          Petitioner's second objection argues that the pro se prisoner summary judgment fair

15  notice rule should be extended to require the government to give notice to prisoners regarding

16  the timeline to file a habeas action, and that habeas actions should not be dismissed as time-

17  barred absent such fair notice.  (Dkt. No. 21 at 6-8.)  The Court is without authority to craft the

18  rule Petitioner seeks.

19          The pro se prisoner fair notice rule requires that, before a district court grants summary

20  judgment against a pro se prisoner, either the court or the adverse party provide the pro se

21  prisoner with "fair notice" of the requirements of the summary judgment rule.  Rand v. Rowland,

22  154 F.3d 952, 955-59 (9th Cir. 1998).  The rule provides notice to a pro se prisoner that an

23  adverse party has filed an important dispositive motion in an already-active case.  Although the

24

ORDER ON REPORT AND
RECOMMENDATION- 6

1    Court has authority to craft and apply notice rules in cases proceeding before it, the Court does

2    not have the authority to tell the Washington state prison system what to communicate to its

3    prisoners.

4                    C.      Failure to file a traverse

5            Petitioner's third objection takes issue with Judge Theiler's statement that "Petitioner did

6    not file a traverse." (Dkt. Nos. 14 at 2, 21 at 8.)  Petitioner explains that he has attempted to

7    research what the term "traverse" means but has been unsuccessful, and requests that the Court

8    take notice that Petitioner has maintained his innocence throughout his criminal proceedings.

9    (Dkt. No. 21 at 8.)

10           The Court notes that Petitioner has maintained his innocence, and assures Petitioner that

11   his failure to file a traverse has not affected the substance of this decision.  A traverse is a

12   "formal denial of a factual allegation made in the opposing party's pleading." Black's Law

13   Dictionary 1729-30 (10th ed. 2014).  In this context, a traverse is a responsive pleading filed by a

14   petitioner in response to the government's answer to the petitioner's habeas petition.  By her

15   statement, Judge Theiler simply noted that Petitioner Cruse had not filed an additional pleading

16   in response to Respondent Russell's answer.  This has not undermined the substance of

17   Petitioner's petition, and has not influenced the decision announced here.

18                   D.      Certificate of appealability

19           Petitioner's fourth and fifth objections argue that he should be granted a certificate of

20   appealability ("COA").  (Dkt. No. 21 at 9.)  Judge Theiler found that Petitioner had not made a

21   substantial showing of the denial of a constitutional right and therefore was not entitled to a COA

22   under 28 U.S.C. § 2253(c)(2).  (Dkt. No. 14 at 4.)  Petitioner states that he has shown numerous

23   constitutional violations, and lists the following: violation of the right to a public trial, the right

24

ORDER ON REPORT AND
RECOMMENDATION- 7

1  to be present at all phases of his trial, the right to a unanimous verdict, ineffective assistance of

2  counsel, double jeopardy, prosecutorial misconduct, and cumulative error.  (Dkt. No. 21 at 9.)

3         A prisoner seeking a COA must make a substantial showing of the denial of a

4  constitutional right by demonstrating that jurists of reason could disagree with this Court's

5  resolution of his constitutional claims or could conclude that the issues presented are adequate to

6  deserve encouragement to proceed further.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537

7  U.S. 322, 327 (2003).  As discussed above, Petitioner is ineligible for equitable tolling of the

8  statue of limitations because the challenges he faced, while not insignificant, do not constitute

9  the extraordinary circumstances required for equitable tolling under current Ninth Circuit law.

10 Nevertheless, reasonable jurists could disagree about whether the obstacles faced by Petitioner,

11 considered as a whole, amount to extraordinary circumstances or external forces that prevented

12 Petitioner from filing his petition on time.  Therefore, the Court finds that Petitioner has made

13 the showing required to be granted a COA, and GRANTS Petitioner a COA on the issue of

14 whether or not he is entitled to equitable tolling of the statute of limitations.

15 **Conclusion**

16        The Court hereby ADOPTS in part and DECLINES TO ADOPT in part the Report and

17 Recommendation of the Honorable Mary Alice Theiler.  Petitioner's habeas petition and this

18 action are DISMISSED with prejudice because his claims are time-barred.  Petitioner is

19 GRANTED a certificate of appealability on the issue of whether he is entitled to equitable

20 tolling.

21     /

22     /

23

24

The clerk is ordered to provide copies of this order to all parties and to Judge Theiler.

Dated this 20th day of March, 2015.

Marsha J. Pechman
Chief United States District Judge